IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CABDIFITAX IBRAHIM, | ) |
| Petitioner, | ) |
| | ) No. 25-cv-13706 |
| v. | ) |
| | ) Judge Andrea R. Wood |
| KRISTI NOEM, et al., | ) |
| Respondents. | ) |

**ORDER**

Petitioner's petition for a writ of habeas corpus [1] is granted. Within seven days of the entry of this order, Respondents shall either (1) provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a), at which Respondents will have the burden of showing by clear and convincing evidence that Ibrahim poses a risk of flight or a danger to the community such that his detention is necessary, or (2) release him from custody under reasonable conditions of supervision. The date for the parties to file a joint status report is extended to 12/15/2025. The joint status report shall include confirmation that Petitioner received a bond hearing and the result of that bond hearing. As this Order addresses all requested relief, the Clerk is directed to enter Judgment in favor of Petitioner. Civil case terminated. See the accompanying Statement for details.

**STATEMENT**

Petitioner Cabdifitax Ibrahim is a native and citizen of Somalia who entered the United States without inspection in 2021 and has resided here ever since. On November 5, 2025, Ibrahim was arrested and taken into custody by U.S. Immigration and Customs Enforcement ("ICE"). In line with a recent decision issued by the Board of Immigration Appeals ("BIA"), *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025), he has been detained without the opportunity to seek release at an individualized bond hearing before an Immigration Judge. For that reason, Ibrahim has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asking this Court to find Respondents' actions unlawful under the applicable provisions of the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment, and to order Respondents to either immediately release him or grant him a bond hearing. (Dkt. No. 1.) For the reasons that follow, Ibrahim's habeas petition is granted.

**I.**

Ibrahim is a native and citizen of Somalia who entered the United States without inspection in November 2021 and has been present in this country since then. (Pet. ¶¶ 2, 20, Dkt. No. 1.) He lives with his wife and children in the State of Washington (*Id.* ¶¶ 3, 21.) Ibrahim has

no criminal history. (*Id.* ¶ 22.) On November 5, 2025, Ibrahim was arrested by ICE in Indiana. (*Id.* ¶¶ 6–7, 23.) Initially, he was detained at the Broadview Detention Center in Broadview, Illinois. (*Id.* ¶ 1.) And he was still detained at that facility when he filed the present habeas petition. (Resp'ts' Status Report ¶ 1, Dkt. No. 5.) Currently, Ibrahim is being detained at the Clay County Detention Center in Brazil, Indiana. (*Id.* ¶ 3.)

## II.

Based on *Yajure Hurtado*, Ibrahim has been deemed an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible for release while he awaits removal proceedings. Accordingly, he has been denied a bond hearing before an Immigration Judge. In his habeas petition, Ibrahim contends that the BIA in *Yajure Hurtado* incorrectly interprets the relevant provisions of the INA and his detention is actually governed by 8 U.S.C. § 1226(a), not § 1225(b)(2)(A). Detention is discretionary for aliens detained under § 1226(a), subject to exceptions for certain categories of "criminal aliens" not applicable to him. Ibrahim further argues that his continued detention without a bond hearing violates the Due Process Clause of the Fifth Amendment.

This Court has previously confronted several of the same issues as presented in Ibrahim's habeas petition in *Ramirez Martinez v. Noem*, No. 25-cv-12029, 2025 WL 3145103 (N.D. Ill. Nov. 11, 2025). In granting relief in *Ramirez Martinez*, this Court determined that § 1226(a) governs detention pending removal proceedings of a noncitizen already residing in the country for an extended period and that such a noncitizen has a Fifth Amendment due process right to a bond hearing. Every other court in this District that has addressed those issues on the merits has reached the same conclusions. *E.g.*, *Miguel v. Noem*, No. 25 C 11137, 2025 WL 2976480 (N.D. Ill. Oct. 21, 2025); *H.G.V.U. v. Smith*, No. 25 CV 10931, 2025 WL 2962610 (N.D. Ill. Oct. 20, 2025); *Ochoa Ochoa v. Noem*, No. 25 CV 10865, 2025 WL 2938779 (N.D. Ill. Oct. 16, 2025). Respondents' brief in opposition to Ibrahim's petition acknowledges the many decisions rejecting their arguments against granting habeas relief to petitioners like Ibrahim. Nonetheless, Respondents stand by those arguments and adopt the opposition brief in *H.G.V.U.* as their opposition brief here.

As an initial matter, because Ibrahim has been relocated and is currently detained at the Clay County Detention Center, the Court has added as a Respondent that facility's Jail Commander, Brandon Crowley. Crowley is the immediate custodian of Ibrahim during his current detention at the Clay County Detention Center. At the time of his initial detention at the Broadview Detention Center, Ibrahim's immediate custodian was Samuel Olson, ICE's Chicago Field Office Director. As Ibrahim's immediate custodians, Crowley and Olson are the only proper Respondents here. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he default rule is that the proper respondent [to a habeas petition] is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). The remaining Respondents are dismissed.

Next, the Court finds that it has jurisdiction over Ibrahim's habeas petition. *See Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004) ("Subject-matter jurisdiction . . . is supplied by 28 U.S.C. § 1331, as any claim under § 2241 entails a federal question."). Specifically, none of the

2

three statutory provisions cited by Respondents divests this Court of its jurisdiction. *See Ramirez Martinez*, 2025 WL 3145103, at *2–3. First, the Court's exercise of jurisdiction is not barred by 8 U.S.C. § 1252(g) because that provision "does not sweep broadly; only challenges to the three listed decisions or actions—to commence proceedings, adjudicate cases, or execute removal orders—are insulated from judicial review." *E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021). And Ibrahim does not challenge any of those specified actions. Second, while 8 U.S.C. § 1252(b)(9) limits judicial review of questions of law and fact "arising from any action taken or proceeding brought to remove an alien from the United States," that section does not preclude the exercise of jurisdiction over questions about whether "certain statutory provisions require detention without a bond hearing." *Jennings v. Rodriguez*, 583 U.S. 281, 292 (2018). And finally, 8 U.S.C. § 1252(a)(2)(B)(ii) does not apply because Ibrahim "does not challenge a discretionary bond denial by an [Immigration Judge] under § 1226(a)" but instead challenges Respondents' refusal to provide him such a hearing because he is subject to mandatory detention. *Ochoa Ochoa*, 2025 WL 2938779, at *4.

The Court also finds that, because Ibrahim's habeas challenge concerns whether he is subject to mandatory detention under § 1225 or discretionary detention under § 1226(a), the matter became ripe immediately upon his detention. *Ramirez Martinez*, 2025 WL 3145103, at *3. And moreover, the Court declines to require administrative exhaustion, as Respondents claim it should, since the BIA's decision in *Yajure Hurtado* shows that it has predetermined the statutory issue presented in Ibrahim's habeas petition and there is nothing to suggest that the BIA will change its position. *See id.* at *4; *see also Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (explaining that although the general rule calls for "parties [to] exhaust prescribed administrative remedies before seeking relief from the federal courts," exhaustion will be excused where "appealing through the administrative process would be futile because the agency is biased or has predetermined the issue").

Turning to the merits of Ibrahim's petition, the Court again reaches the same conclusions as it did in *Ramirez Martinez*. As to the statutory construction question, the Court finds that detention of a noncitizen like Ibrahim, who entered this country without inspection and has continuously resided here for an extended period of time since then, is governed by § 1226(a). *See Ramirez Martinez*, 2025 WL 314513, at *5–6. While Ibrahim falls within § 1225(a)(1)'s broad definition of "applicant for admission," § 1225(b)(2)(A) requires mandatory detention "in the case of an alien who is an applicant for admission" where the alien is also "seeking admission." The provision's use of the word "'seeking' implies action and [noncitizens] who have been present in the country for years are not actively 'seeking admission.'" *Ochoa Ochoa*, 2025 WL 2938779, at *6. By contrast, there is nothing in the plain language of § 1226(a) that would exclude Ibrahim from its scope. And until only very recently, the Government's practice was to apply § 1226(a) to noncitizens like Ibrahim. That "longstanding practice of the [G]overnment—like any other interpretative aid—can inform a court's determination of what the law is." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 386 (2024) (internal quotation marks omitted).

The Court further concludes that Ibrahim has a Fifth Amendment due process right to a bond hearing. *See Ramirez Martinez*, 2025 WL 314513, at *7. In determining whether a noncitizen's detention without a bond hearing violates his right to procedural due process, courts balance the following factors: "first, the private interest at stake; second, the risk of erroneous

3

deprivation and the value, if any, of additional procedural safeguards; and third, the government's countervailing interests." *Miguel*, 2025 WL 2976480, at *7 (quoting *Simpson v. Brown County*, 860 F.3d 1001, 1006 (7th Cir. 2017)). All three factors weigh in favor of Ibrahim. First, his liberty is at stake. Second, there is nothing to indicate that he poses a danger to others, making the risk of erroneous deprivation of his liberty high. And third, holding a bond hearing does not impair the Government's legitimate interest in prompt execution of removal orders.

      For the foregoing reasons, Ibrahim's petition for a writ of habeas corpus is granted. While Ibrahim seeks either his immediate release or a bond hearing for his removal proceedings, the Court finds that the latter form of relief is proper. Thus, within seven days of the entry of this order, Respondents shall either (1) provide Ibrahim with a bond hearing pursuant to 8 U.S.C. § 1226(a), at which Respondents will have the burden of showing by clear and convincing evidence that Ibrahim poses a risk of flight or a danger to the community such that his detention is necessary, or (2) release him from custody under reasonable conditions of supervision.

Dated: December 1, 2025

                                                                         Andrea R. Wood
                                                                         United States District Judge